[Cite as *Vasquez v. Ezanidis*, 2013-Ohio-2850.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DOUGLAS E. VASQUEZ | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-108 |
| PETER EZANIDIS, ESQ., ET AL. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Fairfield County Court of
                               Common Pleas, Case No. 11 CV 75


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        June 26, 2013


APPEARANCES:


For Plaintiff-Appellee              For Defendants-Appellants


DANIEL J. FRUTH                     RICK E. MARSH
Stebelton, Aranda & Snider          Lane, Alton & Horst, LLC
A Legal Professional Asosciation    Two Miranova Place, Suite 500
109 N. Broad Street, Suite 200      Columbus, Ohio 43215-7052
P.O. Box 130
Lancaster, Ohio 43130-0130

*Hoffman, J.*

{¶1} Defendants-appellants Peter Ezandis, et al. appeal the September 5, 2012 Agreed Judgment Entry entered by the Fairfield County Court of Common Pleas, which granted judgment in favor of plaintiff-appellee Douglas E. Vasquez and against Appellants in the amount of $100,000.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellants Peter Ezanidis and Jeffrey Donnellon are attorneys, licensed to practice in the State of Ohio. Donnellon & Ezanidis, LLC is their legal professional corporation.

{¶3} On February 10, 2009, Virginia Zapf filed a complaint for divorce against her husband, Appellee herein. In addition to the complaint, Zapf filed a motion and affidavit in support, seeking the issuance of a temporary restraining order against Appellee. The trial court issued a reciprocal temporary restraining order on the same day. The TRO prohibited, inter alia, the following:

> Neither party shall change the beneficiary or beneficiaries of any life insurance policies, or the payable on death beneficiaries or joint and survivorship ownership of any tax deferred savings plans, pension plans, retirement plans, certificates of deposits, savings accounts, stock or brokerage accounts or other such intangible assets owned by either or both parties, whether marital or non-marital. Judgment Entry/Restraining Order at para. 5.

{¶4} Pursuant to its terms, the TRO was immediately effective upon Zapf and would be effective upon Appellee upon service. Zapf's attorney, Darren McNair,

prepared the Judgment Entry/Restraining Order, and signed an attestation the Order was identical to that required by Local R. 9.3.

{¶5} On March 4, 2009, Zapf executed a request to change the primary beneficiaries of her life insurance policy to her parents, Tom and Nikki Zapf ("the Elder Zapfs"). Appellee was the named beneficiary under the policy. Attorney Stephen Dodd sent the request to AIG Insurance via telefax on March 5, 2009. Appellee did not file an answer or any other responsive pleading in the divorce proceeding as Zapf died on March 10, 2009, prior to any service of process upon Appellee.

{¶6} The Elder Zapfs filed a declaratory judgment action, seeking the allocation of rights under Zapf's life insurance policy issued by AIG Insurance. Appellee and AIG were named defendants. The dispute focused on whether the March 4, 2009 change of beneficiary designation form effectively changed Zapf's beneficiary from Appellee to the Elder Zapfs. AIG interpled $150,000, the money owing under the life insurance policy, and was dismissed from the action. On July 30, 2009, Appellee hired Appellants to represent him in the declaratory judgment action. Appellants entered an appearance on Appellee's behalf.

{¶7} The declaratory judgment action was settled with Appellee receiving a gross settlement of $10,000. Appellants were paid their 40% contingent fee from that amount. From their initial involvement in the declaratory action, Appellants were aware of the divorce proceeding as such matter was mentioned in the Elder Zapfs' complaint. Further, at the time of the settlement, Appellant Ezanidis was aware a TRO had been issued by the trial court therein. Attorney Ezanidis was not, however, aware of the contents of the TRO or that such was binding on Zapf. Appellants did not raise the TRO

as a defense, affirmative defense, cross-claim, counterclaim, third party complaint of otherwise present a claim against Zapf's estate within the statutory timeframe. Appellants never advised Appellee prior to settlement of the legal impact of the TRO on the declaratory action.

{¶8} On January 19, 2011, Appellee filed a complaint against Appellants Peter Ezanidis, Jeffrey Donnellon, and Donnellon & Ezanidis, LLC, alleging professional malpractice and breach of contract. Appellants filed a timely Answer. The parties submitted a Stipulation of Facts to the trial court on May 31, 2011. Appellants filed a motion for summary judgment on June 30, 2011, which the trial court overruled via Entry filed August 19, 2011.

{¶9} Following discovery and depositions, the parties submitted a Stipulation to the trial court on May 1, 2012, which read, in pertinent part:

> The parties hereto have agreed that this matter will be resolved in the following manner.
>
> . . . [T]he question to be decided by the Court . . .is whether or not, at the time the change of beneficiary form was executed by Virginia Zapf on March 4, 2009, was the change of beneficiary legally effective due to the state of the domestic relations case at that time. If it was legally effective, should [Appellants] have been subject to a constructive trust for the benefit of [Appellee]?

{¶10} The parties resolved all material factual disputes except for the two questions set forth in the May 1, 2012 Stipulation, supra. The parties filed motions for summary judgment in support of their respective positions. Via Entry Resolving Issue of

Law Presented by Stipulation filed August 9, 2012, the trial court answered the proposed questions in Appellee's favor, and denied Appellants' motion for summary judgment. The parties submitted an Agreed Judgment Entry on September 5, 2012, which granted judgment in favor of Appellee and awarded him $100,000.

**{¶11}** It is from the September 5, 2012 Agreed Judgment Entry, the August 9, 2012 Entry Resolving Issue of Law, and the August 19, 2011 Entry overruling Appellants' first motion for summary judgment Appellants appeal, raising as error:

**{¶12}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CONCLUDING THAT THE TRO WAS VALID WHERE IT FAILED TO COMPLY WITH OHIO RULE OF CIVIL PROCEDURE 75(I)(2).

**{¶13}** "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CONCLUDING THAT THE TRO WAS VALID WHERE THE ACTION WAS NEVER COMMENCED."

I

**{¶14}** In their first assignment of error, Appellants maintain the trial court erred in concluding the TRO was valid as such order did not comply with Civ. R. 75(I)(2).

**{¶15}** Civ. R. 75(I) provides, in toto:

*(1) Restraining order: exclusion.* The provisions of Civ. R. 65(A) shall not apply in divorce, annulment, or legal separation actions.

*(2) Restraining order: grounds, procedure.* When it is made to appear to the court by affidavit of a party sworn to absolutely that a party is about to dispose of or encumber property, or any part thereof of property, so as to defeat another party in obtaining an equitable division of

marital property, a distributive award, or spousal or other support, or that a party to the action or a child of any party is about to suffer physical abuse, annoyance, or bodily injury by the other party, the court may allow a temporary restraining order, with or without bond, to prevent that action. A temporary restraining order may be issued without notice and shall remain in force during the pendency of the action unless the court or magistrate otherwise orders.

**{¶16}** Appellants submit, pursuant to Civ. R. 75(I)(2), a trial court may issue a TRO only after a party has requested such relief and has filed an affidavit in support. Appellants contend the trial court issued the February 10, 2009 TRO sua sponte pursuant to Fairfield Local Rule 9.3. According to Appellants, Fairfield Loc. R. 9.3, which permits a trial court to issue a sua sponte reciprocal restraining order, is in conflict with Civ. R. 75(I)(2), and the Civil Rule must prevail. Appellants conclude the February 10, 2009 TRO was invalid because Appellee did not seek a TRO pursuant to Civ. R. 75(I)(2); therefore, the TRO had no effect on the actions of Zapf or Appellee during the divorce proceedings and Zapf was free to change the beneficiary of her life insurance.

**{¶17}** In the May 31, 2011 Stipulation of Facts, the parties stipulated Zapf filed a motion seeking a temporary restraining order with a supporting affidavit on the same day she filed her complaint for divorce. Pursuant to Fairfield Loc. R. 9.3, the trial court issued a reciprocal restraining order. The February 10, 2009 Judgment Entry/Restraining Order was prepared and signed by Zapf's attorney. The TRO was reciprocal in nature. Zapf was aware of the terms of the TRO and was bound by its terms when the order was filed. Despite the TRO prohibiting such, Zapf filed a change

of beneficiary form with AIG.    We conclude Zapf violated the terms of the TRO; therefore, the change of beneficiary was void.

{¶18} Appellants' first assignment of error is overruled.

II

{¶19} In their second assignment of error, Appellants assert the trial court erred in concluding the TRO was valid as service was never perfected upon Appellee. Appellants explain because Appellee was never served, the action had not commenced pursuant to Civ. R. 3(A) and the trial court did not have jurisdiction over the matter.

{¶20} Civ. R. 3(A) provides: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

{¶21} In the instant action, the divorce proceeding was not terminated due to noncompliance with Civ. R. 3(A). Rather, the divorce proceeding was terminated due to the death of Zapf.  Zapf invoked the jurisdiction of the trial court.  She filed the divorce complaint, motioned for the TRO and requested Appellee be served.  However, Zapf died prior to Appellee being served.  Zapf's death ended the divorce proceeding by operation of law.  We find Civ. R. 3(A) does not serve to invalidate the TRO under these circumstances.

{¶22} Appellants' second assignment of error is overruled.

**{¶23}** The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DOUGLAS E. VASQUEZ | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PETER EZANIDIS, ESQ., ET AL. | : | |
| | : | |
| Defendants-Appellants | : | Case No. 12-CA-108 |

For the reasons stated in our accompanying Opinion, the judgment of the

Fairfield County Court of Common Pleas is affirmed. Costs to Appellants.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER